Filed 1/7/15  P. v. Hart CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> DEBORAH HOEFT HART, <br><br>     Defendant and Appellant. | B255557 <br><br> (Los Angeles County <br> Super. Ct. No. BA049038) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Denis Landin, Judge.  Affirmed.

Bird & Bird, Karen Hunter Bird, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Deborah Hoeft Hart pled no contest to one count of detention of a child with right to custody in violation of Penal Code section 278.5.  She was granted probation on August 3, 1993.  On March 7, 2014, appellant admitted that she had violated the terms of her probation by failing to appear in court as ordered in December 1993.  Probation was revoked and appellant was sentenced to the low term of 16 months.  She was awarded 236 days of presentence custody credit.

Appellant appeals from the judgment of conviction.  Finding no error, we affirm.


FACTS[1]

Michael Hoeft was married to appellant, and they had one child together, a daughter, B.  In April 1991, when B. was about three years old, the couple separated.  From then until June 1991, B. lived with Hoeft.

On June 17, Hoeft and B. met appellant at a restaurant in Manhattan Beach.  Appellant left with B., without telling Hoeft.

On July 15, Hoeft and appellant appeared in court for a custody hearing.  Appellant was granted primary custody and Hoeft received visitation on weekends.  When Hoeft went to the arranged location for his August 4, 1991 visitation, appellant and B. were not there.

Hoeft next saw B. on June 12, 1992 in San Diego at Children's Services.  Appellant and B. had been detained by the FBI at the Mexican border a few days earlier.

On June 8, 1993, appellant pled guilty to one count of violating Penal Code section 278.5.  On August 3, 1993, imposition of sentence was suspended and appellant was placed on five years of formal probation.

Appellant did not appear for a scheduled court date on December 21, 1993.  Probation was summarily revoked and a bench warrant was issued.

---

[1]     All historical facts are taken from the July 22, 1992 preliminary hearing, the August 8, 1993 sentencing hearing and the December 21, 1993 minute order and bench warrant.  These transcripts and documents are part of the Los Angeles County Superior Court file in case number BA049038, of which we take judicial notice.

2

Appellant was detained at the Mexican border on June 11, 2013, on the outstanding warrant from 1993.

## DISCUSSION

Appellant filed a timely notice of appeal, and we appointed counsel to represent her on appeal. Appellant's counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and requested this court to independently review the record on appeal to determine whether any arguable issues exist.

On September 2, 2014, counsel filed a declaration, dated August 25, 2014, in which she stated that appellant had been released from custody on July 4, 2014. Counsel had tried to contact appellant by all possible means but had been unsuccessful. Accordingly, we have not attempted to send appellant a letter advising her that she had 30 days in which to personally submit any contentions or issues which she wished us to consider. The time for such a submission has now expired.

We have examined the entire record and are satisfied appellant's attorney has fully complied with her responsibilities and no arguable issues exist. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

GOODMAN, J.*

We concur:

TURNER, P.J.                    KRIEGLER, J.

---

*        Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3